IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| KENNETH SCHWARTZ | § | |
| VS. | § | CIVIL ACTION NO. 5:22cv26 |
| WARDEN S. SALMONSON | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Kenneth Schwartz, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges a prison disciplinary conviction. The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a motion to dismiss or, alternatively, motion for summary judgment, filed by the respondent. As the respondent has presented information outside the pleadings, the filing will be considered as a motion for summary judgment. See FED.R.CIV.P. 12(d).

Factual Background

On April 26, 2021, an incident report was written charging petitioner with Using the Telephone for Abuses Other than Criminal Activity–Circumvent Telephone Monitoring Procedures, in violation of Code 297. The incident report was written by C. Avila and alleged that:

> While monitoring inmate telephone calls, I reviewed a call placed on April 25, 2021, at 10:33 p.m., to phone number (254) 563-1807 by inmate Kenneth Schwartz . . . . I immediately noticed inmate Schwartz was not the inmate using the phone. A review of TRUVIEW shows inmate Antonio Gardner . . . as the only other inmate at FCI Texarkana to have the mentioned phone number linked to his TRUFONE account. I am also familiar with inmate Gardner and his voice does match . . . the inmate's using the phone. Inmates Gardner and Schwartz are abusing the telephone in a manner that circumvents staff's ability to monitor inmate phone calls. This is especially disconcerting considering inmate Gardner is on TRUFONE BLOCKS/SUSPENSIONS.

(Dkt. No. 1-1 at 2, Incident Report).

Petitioner was notified of the charge on April 26. Petitioner requested representation by a staff representative. This request was granted.

On May 4, 2021, a Discipline Hearing Officer ("DHO") conducted a hearing concerning the incident report. At the conclusion of the hearing, the DHO found petitioner guilty of the offense with which he was charged. The following punishment was assessed: (a) loss of telephone and commissary privileges for 90 days and (b) forfeiture of 27 days of good conduct time. The DHO explained his reasoning as follows:

> The DHO found on April 25, 2021, you committed the prohibited act of Use of the Telephone for Abuses Other than Criminal Activity–Circumvent Telephone Monitoring Procedures, Code 297. The element of this prohibited act consists of: Using the telephone in violation of the policy on telephone regulations which circumvents telephone monitoring procedures.
>
> The evidence relied upon included:
>
> Section 11 of the incident report written by SIS Technician C. Avila states, "While monitoring inmate telephone calls, I reviewed a call placed on April 25, 2021, at 10:33 p.m., to phone number (254) 563-1807 by inmate Kenneth Schwartz . . . . I immediately noticed inmate Schwartz was not the inmate using the phone. A review of TRUVIEW shows inmate Antonio Gardner . . . as the only other inmate at FCI Texarkana to have the mentioned phone number linked to his TRUFONE account. I am also familiar with inmate Gardner and his voice does match . . . the inmate's using the phone. Inmates Gardner and Schwartz are abusing the telephone in a matter that circumvents staff's ability to monitor inmate phone calls. This is especially disconcerting because inmate Gardner is on TRUFONE BLOCKS/ SUSPENSIONS."
>
> During the investigation you declined to make a statement.
>
> During the UDC hearing you stated, "I had no knowledge that he had access to my phone. He helped me set up my phone list when we were housed in A unit. He added his number to my phone list then.
>
> The TRUFONE telephone monitoring printout highlighting [showed] there was a phone call from inmate Schwartz's account on 4-25-2021 at 10:33 PM.
>
> During the DHO hearing, the incident report was read aloud to you and you stated, "Gardner set up my phone account. I never even use my phone. I want you to ask Gardner if I knew he was going to use my account and confirm that I did not even live in the unit with him when he made the phone call. Yes, I willingly gave him the information, but it was because I needed his help to set up my phone account. I am going to appeal this."
>
> In deciding this issue, the DHO considered the reporting officer's account in section 11 of the incident report noting upon review of phone calls, on 04/25/2021 at 10:33

>p.m., Inmate Gardner, Antonio . . . used your phone account and placed a phone call in violation of institutional rules. The DHO considered you did not make a statement during the investigation. The DHO considered your statement during the UDC hearing, "I had no knowledge that he has access to my phone. He helped me set up my phone list when we were housed in A unit. He added his number to my phone list then." The DHO considered your statement during the DHO hearing, "Gardner set up my phone account. I never even use my phone. I want you to ask Gardner if I knew he was going to use my account and confirm that I did not even live in the unit with him when he made the phone call. Yes, I willingly gave him my information, but it was because I needed his help to set up my phone account. I am going to appeal this." The DHO notes, during A&O for newly incarcerated inmates, you are advised not to share your phone account information with other inmates because allowing other inmates to use your phone account circumvents staff's ability to monitor. These accounts are protected by PAC number. Your defense was inmate Gardner was helping you set up your phone account and that is how he gained access to you PAC number. You should have asked a staff member for help to set up your account and not an inmate. You bear the responsibility for providing inmate Gardner the PAC number to your account. The DHO notes during the hearing inmate Gardner stated, "Yes, he (inmate Schwartz) provided me with the PAC number to use his phone account when I was helping him." You also stated during the hearing, "Yes, I gave him my information when he was setting up my phone account." Finally, the DHO considered the TRUFONE printout sheet noting the phone call was made using inmate Schwartz's account on 4-25-2021 at 10:33 PM and the phone call was made by inmate Gardner.
>
>Therefore, the DHO finds the greater weight of the evidence supports that you committed the prohibited act of Use of the Telephone for Abuses Other than Criminal Activity–Circumvent Telephone Monitoring Procedures, Code 297.

(Dkt. No. 8-5 at 3-4, Discipline Hearing Officer Report).

Analysis

Prison inmates who lose good conduct time credits as a result of prison disciplinary convictions are entitled to the procedural due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974); *see Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994). As petitioner was deprived of good conduct time credits as a result of the disciplinary conviction complained of, he was entitled to: (1) written notice of the charges against him at least 24 hours before the hearing; (2) a written statement of the fact-finder as to the evidence relied on and the reason for the disciplinary action and (3) the opportunity to call witnesses and present documentary evidence in his defense. *Wolff*, 418 U.S. at 563-66.

In addition, there must have been "some evidence" to support the petitioner's conviction. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1983). The result of

a prison disciplinary proceeding will be overturned by a federal court "only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

"Ascertaining whether this standard is satisfied does not require an examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "Federal Courts will not review the sufficiency of the evidence at a disciplinary hearing; a finding of guilt requires only the support of 'some facts' or 'any evidence at all.'" *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). The information provided in a written offense report, standing alone, can satisfy the "some evidence" standard. *Hudson v. Johnson*, 242 F.3d 574, 536-36 (5th Cir. 2001).

Petitioner does not contend he failed to receive any of the procedural protections described in *Wolff*. Instead, he contends there was insufficient evidence to support the disciplinary conviction.

Petitioner admits he gave Mr. Gardner information regarding his phone account, information that would have enabled Mr. Gardner to use the account. However, Petitioner contends he did not give the information in an effort to circumvent the prison's telephone monitoring procedures. Instead, he states he needed Mr. Gardner's help in order to set up his account. Petitioner wanted the account set up so that he could use the TRUFONE system to communicate with friends and family. Petitioner states that when Mr. Gardner used his account, he was doing so without Petitioner's permission or knowledge.

The DHO's report indicates Mr. Gardner stated Petitioner provided his account information when Mr. Gardner helped him set up his account. The report also states Petitioner admitted to giving this information to Mr. Gardner. Finally, the incident report demonstrates Mr. Gardner used petitioner's account to make a telephone call. This evidence provided "some evidence" to support the finding of guilty.

Petitioner contends he did not know Mr. Gardner was going to use his account information improperly or intended to circumvent the prison's telephone monitoring system. Petitioner presented this information to the DHO, who nevertheless found petitioner guilty. As stated above, this court may not weigh the evidence presented to the DHO and come to a different conclusion. The applicable "some evidence" standard is satisfied in this case. Petitioner is therefore not entitled to relief.

## Recommendation

The motion for summary judgment (Dkt. No. 8) should be granted.

## Objections

Objections to the Report and Recommendation must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, (5th Cir. 1996) (*en banc*).

SIGNED this the 8th day of July, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE