IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| KENNETH SCHWARTZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:22-cv-26 |
| | § | |
| WARDEN S. SALMONSON | § | |

**ORDER**

Kenneth Schwarz, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 1. Petitioner challenges a prison disciplinary conviction for Using the Telephone for Abuses Other than Criminal Activity–Circumvent Telephone Monitoring Procedures. *See id.*

The Court referred this matter to the Honorable J. Boone Baxter, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to 28 U.S.C. § 636(b)(1) and (3). The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge ("Report") recommending summary judgment[1] be granted in Respondent's favor. Docket No. 9 at 5. Petitioner filed objections to the Report and Recommendation. Docket No. 10. The Court reviews the objected-to portions of the Report *de novo*. FED. R. CIV. P. 72(b).

In an incident report, a charging officer stated he had reviewed a call placed to a specific phone number by Petitioner. Docket No. 1-1 at 2. The officer stated he noticed Petitioner was not the inmate using the phone. *Id.* It was determined that inmate Antonio Gardner was the only other inmate at the unit having that phone number linked to his phone account. *Id.* The officer also stated

---

[1] Respondent filed his motion as a motion to dismiss, or, in the alternative, as a motion for summary judgment. The Report correctly treats the motion as a motion for summary judgment because Respondent relied on information outside the pleadings. Docket No. 9 at 1.

he was familiar with Petitioner and that Petitioner's voice did not match the voice of the inmate who made the call. *Id.* The officer concluded Petitioner and Mr. Gardner were abusing the telephone in a manner that circumvented the staff's ability to monitor inmate phone calls. *Id.*

At the disciplinary hearing, Petitioner stated he had given Mr. Gardner his information because he needed help setting up his phone account. Docket No. 8-5 at 3. He said he had never used his account and was not aware Mr. Gardner was using his account. *Id.* At the conclusion of the hearing, the Discipline Hearing Officer ("DHO") found Petitioner guilty of the offense with which he was charged. *Id.* at 4.

The Report concludes that it was up to the DHO to weigh the evidence presented at the hearing because there was some evidence to support the disciplinary conviction. Docket No. 9 at 5. Specifically, the Report relies on Petitioner's admission that he gave his account information to Mr. Gardner. *Id.* at 4–5.

In his objections, Petitioner continues to challenge the sufficiency of the evidence. Docket No. 10. He states Mr. Gardner admitted Petitioner had no knowledge his phone was being used. *Id.* at 2. Petitioner states that when he asked staff members for assistance in setting up his phone account he was told to ask another inmate for help. *Id.* at 1. He admits he gave Mr. Gardner his access codes, but states Mr. Gardner misused the codes and that he was unaware of Mr. Gardner's use of his account. *See id.* at 1–2. He states Mr. Gardner confirmed his statements. *See id.*

A federal court's role in reviewing prison disciplinary convictions is limited. Disciplinary convictions will be upheld on federal court review so long as there is "some evidence" to support the conviction. *Richards v. Dretke*, 394 F.3d 291, 294 (5th Cir. 2004); *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007). A federal court is not required to reassess witness credibility or reweigh the evidence presented to a DHO. *See Richards*, 394 F.3d at 294.

Here, Petitioner's admission that he gave his codes to Mr. Gardner constitutes "some evidence" of guilt. Petitioner admits he gave his codes to Mr. Gardner. There is also evidence that inmates are told not to give their codes to other inmates because this circumvents the staff's ability to monitor phone usage. Docket No. 8-5 at 3.[2]

Petitioner's objections that rely on Mr. Gardner's admissions are also unavailing. The DHO was aware Mr. Gardner admitted Petitioner did not know he was using Petitioner's phone account. It was up to the DHO to assess whether Mr. Gardner's statement that Petitioner was unaware of Mr. Gardner's misuse excused Petitioner's conduct. DHO considered this evidence and decided Petitioner's conduct was not excused. As a result, the Court cannot conclude there was insufficient evidence to support the disciplinary conviction.

The Court has conducted a careful *de novo* review of the portions of the Magistrate Judge's proposed findings and recommendation to which Petitioner objected. See 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct, and Petitioner's objections are without merit. Accordingly, it is

**ORDERED** that Petitioner's objections (Docket No. 10) are **OVERRULED**. It is further

**ORDERED** that the Report of the Magistrate Judge (Docket No. 9) is **ADOPTED** as the

---

[2] Petitioner's assertion that staff members told him to have another inmate help him set up his account is troubling. It is not clear whether the staff members meant Petitioner should share his codes with other inmates or simply obtain general assistance from another inmate while not revealing his codes. Regardless, the record does not reflect Petitioner told the DHO about what staff members told him. Petitioner does not state he presented this evidence to the DHO. As a result, the DHO cannot be faulted for failing to consider evidence that may have not been presented.

opinion of the District Court. It is further

**ORDERED** that Respondent's motion for summary judgment (Docket No. 8) is **GRANTED** and the petition for writ of habeas corpus is **DENIED**.

**So ORDERED and SIGNED this 13th day of September, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE